**In the MATTER of ALDERSGATE FOUNDATION, INC., Bankrupt.**

**MARK CONSTRUCTION COMPANY, Appellant,**

v.

**Frank W. REED, Trustee, Appellee.**

No. 78–2878
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1979.
Rehearing Denied Feb. 20, 1979.

Jules S. Cohen, Orlando, Fla., for appellant.

Lee J. Colling, Charles R. George, III, Orlando, Fla., for appellee.

Before CLARK, RONEY and GEE, Circuit Judges:

PER CURIAM:

The Aldersgate Foundation is a non-profit corporation founded to provide housing and other services for the elderly. On March 22, 1972, Aldersgate signed a contract with the Mark Construction Co. for the construction of a retirement center, including a church, a commissary, laundries, and apartment units. The total contract price was $1,830,063.70.

On June 30, 1974, Aldersgate was forced into an equity receivership and, on September 12, 1974, Aldersgate initiated reorganization proceedings under Chapter X of the Bankruptcy Act.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Subsequently, Mark asserted a claim before the bankruptcy trustee for priority ranking for $330,923.09 of the unsecured debt owed to it resulting from the construction of sixty-four apartment units. Mark's claim was based on the "six months rule," an equitable principle which accords priority ranking to those unsecured creditors whose claims arose a short time before the initiation of a Chapter X reorganization. The bankruptcy trustee filed an objection to the claim of priority, and both parties moved for summary judgment. The bankruptcy judge granted summary judgment for the trustee, and the district court affirmed that decision. Mark contends that the district court erred in finding that it was not entitled to priority under the six months rule. We affirm.

The six months rule was first applied in cases involving railroad organizations. *Fosdick v. Schall,* 99 U.S. 235, 25 L.Ed. 339 (1878). The rule was designed to encourage the extension of credit to corporations delivering "important public services at a time when they are financially weak." *In re Hallmark Medical Services, Inc.,* 475 F.2d 801, 803 (5th Cir. 1973). The rule protects those creditors who provide products and services essential to the continued operations of these corporations. *Id.* at 804; 6 Collier on Bankruptcy § 197, § 57 9.13[5] (1977 ed.). In many cases it is unjust to refuse priority to an unsecured creditor whose goods or services have preserved the assets of the corporation for the benefit of the secured creditors. *Dudley v. Mealey,* 147 F.2d 268, 271 (2nd Cir. 1945). The district court here, in upholding the summary judgment entered by the bankruptcy judge, found that the goods and services provided by Mark in constructing the apartment units were not essential to the continued operations of Aldersgate's business.

Mark contends that it belonged to that class of creditors protected under the

six months rule. Mark urges that the construction of the new units was essential to Aldersgate's continued operation; if the retirement center had not been completed, the resident tenants would have moved out.

We reject Mark's arguments. The six months rule has been limited to creditors who provide "labor, supplies, and repairs necessary for the continued operation of the corporation, or capital to purchase those items." *In.re Hallmark Medical Services, Inc.,* 475 F.2d 801, 803 (5th Cir. 1973); *see* 6 Collier on Bankruptcy, § 197 ¶913[5], at 1635 n. 38 (1977 ed.). The work done by Mark simply does not fit into this category. Aldersgate was capable of operating, and was indeed operating, without the additional units built by Mark. Aldersgate's subsequent bankruptcy cannot convert these apartment units into items essential to the corporation's continued operations. The district court was correct in holding that no genuine issue of fact existed on this question.[1]

AFFIRMED.

---

1. Mark also contends that Aldersgate was a corporation providing an important public service. Since we agree with the district court's conclusion that the construction was not the sort of work intended to fall within the six months rule, we need not decide whether Aldersgate is sufficiently imbued with the public interest to allow any claims for priority under that rule.